FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC LEE BOOTH,<br><br>    Petitioner,<br><br>    v.<br><br>DONALD R. HOLBROOK,<br><br>    Respondent. | NO. 2:18-cv-00010-SAB<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court are Eric Lee Booth's Amended Petition for Writ of Habeas Corpus, ECF No. 5, and Amended Motion for Equitable Tolling for Federal Habeas 2254, ECF No. 6. Petitioner seeks federal habeas relief from his Washington murder conviction on the basis of ineffective assistance of counsel, and requests the Court excuse the untimeliness of his petition on the basis of equitable tolling due to mental impairment.

To benefit from equitable tolling due to mental impairment, Petitioner must satisfy the two-prong test established in *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). For the reasons set-forth below, the Court finds Petitioner has not provided sufficient evidence to justify equitable tolling of the federal habeas limitations period. Accordingly, the Court denies Petitioner's Amended Motion for Equitable Tolling for Federal Habeas 2254, ECF No. 6, and dismisses as untimely Petitioner's Amended Petition for Writ of Habeas Corpus, ECF No. 5.

//

//

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^ 1**

# BACKGROUND

On March 7, 2012, Eric Lee Booth ("Petitioner") pleaded guilty to First Degree Murder, Premeditated Murder and Felony Murder, in violation of Wash. Rev. Code § 9A.32.030(1)(a) and (c). State Court Record, ECF No. 10, Ex. 1. The Stevens County Superior Court sentenced Petitioner to 320 months incarceration, a sentence that fell within the standard sentencing range.[1] ECF No. 10-1 at 5.

On September 5, 2014, Petitioner filed a document in the Washington Court of Appeals, Division III, captioned "Motion to Appoint Attorney," along with an introduction that states he was "filing for a PRP after the 1 year limit on the grounds of newly discovered evidence." ECF No. 10, Ex. 4. The Court of Appeals construed Petitioner's motion as a personal restraint petition ("PRP"), and dismissed it as untimely under Washington law. *Id*. Ex. 5.

Petitioner sought discretionary review by the Washington Supreme Court. *Id*. Ex. 6. The Washington Supreme Court denied review on June 25, 2015, finding the Court of Appeals did not err in dismissing Petitioner's PRP as untimely. *Id*. Ex. 7.

On October 3, 2016, Petitioner filed a second PRP to the Washington Court of Appeals, Division III, challenging his conviction on the basis of ineffective assistance of counsel. *Id*. Ex. 9. He requested the Court to consider his otherwise untimely petition on the basis of equitable tolling due to mental incompetence. *Id*. The Court of Appeals dismissed the PRP as untimely. *Id*. Ex. 11. Petitioner's request for discretionary review was denied on June 21, 2017. *Id*. Exs. 12-13. The Washington Supreme Court found Petitioner's PRP was successive, untimely, and that he had failed to show circumstances to justify equitable tolling.

On January 22, 2018, Petitioner filed a third PRP with the Washington Supreme Court challenging the factual basis of his conviction. *Id*. Ex. 15. The

---

[1] Petitioner's sentencing range was 240-320 months. ECF No. 10-1 at 4.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^** 2

Washington Supreme Court transferred the PRP to the Washington Court of Appeals, Division III. *Id.* Ex. 16. The Court of Appeals dismissed Petitioner's third PRP as untimely. *Id.* Ex. 17. Petitioner did not seek discretionary review.

On January 10 2018, Petitioner filed with this Court a Petition for Writ of Habeas Corpus, ECF No. 1, and Motion for Equitable Tolling, ECF No. 2. Petitioner later submitted an Amended Petition for Writ of Habeas Corpus, ECF No. 5, and Amended Motion for Equitable Tolling for Federal Habeas 2254, ECF No. 6. Petitioner seeks federal habeas relief on the basis of ineffective assistance of counsel, and requests the Court excuse the untimeliness of his petition on the basis of equitable tolling due to mental impairment.

On March 16, 2018, the Court Ordered Respondent to respond to the Amended Petition. ECF No. 7. Respondent timely filed its response. ECF No. 9.

## STANDARD

A petition for writ of habeas corpus on behalf of a prisoner in state custody is brought under 28 U.S.C. § 2254. Relief from § 2254 is limited to "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the challenged judgment became final after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for seeking federal habeas review. *See id.* § 2244(d)(1). The limitations clock begins to run from the latest of:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^ 3**

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D).

Subsection (A) appears to govern the petition before the Court; the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2254(d)(1)(A). When a challenge to a state court conviction presents a federal question, the Supreme Court has held that "the process of direct review . . . includes the right to petition the [Supreme Court] for a writ of certiorari." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)). However, a judgment becomes final on an earlier date where there is no direct review. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). If the petitioner does not timely seek appellate review, the direct review process concludes upon expiration of time for seeking such review. *Id*.

## DISCUSSION

In this case, Petitioner pleaded guilty and was sentenced on March 7, 2012. Because the Stevens County Superior Court imposed a sentence within the sentencing range, Petitioner had no right to appeal his sentence. *See* Wash. Rev. Code § 9.94A.585(1) ("A sentence within the standard sentence range . . . shall not be appealed."). Accordingly, Petitioner's time for filing a timely habeas petition began on March 7, 2012, and expired on March 7, 2013.

Petitioner filed his first petition for federal habeas review on January 10, 2018, ECF No. 1, and later filed an amended petition on February 5, 2018, ECF No. 5. There is no dispute Petitioner filed the instant petition well after the one-year limitations period. The issue, then, becomes whether Petitioner can benefit from any type of tolling.

//

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^** 4

*Statutory Tolling*

The limitations period is tolled while a "prisoner's 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) (quoting 28 U.S.C. § 2244(d)(2)). "A habeas petition that is untimely under state law is not 'properly filed.'" *Curiel v. Miller*, 830 F.3d 864, 868 (9th Cir. 2016) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)). Thus, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." *Id.* at 868. In this case, Petitioner cannot benefit from statutory tolling because his petitions for State post-conviction relief were deemed untimely by the Washington Court of Appeals and the Washington Supreme Court.

*Equitable Tolling*

A petitioner seeking equitable tolling bears the burden of establishing that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing of the petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418).

Petitioner argues he is entitled to equitable tolling because a mental impairment made him unable to see or understand that he had a claim for post-conviction relief. ECF No. 6. A petitioner is entitled to equitable tolling due to mental impairment when the petitioner meets the following two-prong test:

(1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either;
    (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
    (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.[]
(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^** 5

>       impossible to meet the filing deadline under the totality of the
>       circumstances, including reasonably available access to assistance.

*Bills*, 628 F.3d at 1099-1100 (internal citations omitted). This test is a stringent one. *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (holding that this test "reiterates the stringency of the overall equitable tolling test: the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence").

As to the first prong, Petitioner argues he is diagnosed with "borderline intellectual disorder," a cognitive impairment that he claims renders him unable to understand the applicable law, and to see how the facts in his case were relevant to a legal claim. Petitioner cites to the psychiatric evaluation used to determine his competency to stand trial in January 2012. In the competency evaluation, Drs. William Grant and Nathan Henry diagnosed Petitioner with Borderline Intellectual Functioning and Antisocial Personality Features. ECF No. 6, Ex A. The doctors explained that "Borderline Intellectual Functioning reflects the defendant's intellectual functioning, which was judged to be below average but not in the mentally retarded range." *Id*.

Additionally, Petitioner's jailhouse lawyer, Joshua Lambert, claims to have witnessed personally the extent to which Petitioner's mental impairment has affected his ability to do his own legal work. Mr. Lambert claims Petitioner's impairment results in his inability to scan through research materials and case law, and to find relevant or potentially relevant topics to lead him to the applicable legal standards that could be useful in his case. *Id.*, Ex. B. Mr. Lambert claims Petitioner is unable to adequately "assess" the research text he reads, and that he does not understands the terms or the legal standards and concepts.

Mr. Lambert also claims Petitioner's mental impairment caused him to overlook the legal issues present in the plea agreement materials he signed. For

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^ 6**

example, Mr. Lambert asserts that Petitioner was unable to see how the term "panick" in his plea statement and probable cause statement is not "premeditation," *Id.* ¶ 2, and that he was unable to see that the probable cause statement stating Petitioner was "evasive" was conclusory, and the he should have pointed out that he was invoking his right to silence. *Id.*

Finally, Mr. Lambert cites to objective signs[2] that he believes a doctor would consider signs or possible signs of Petitioner's cognitive disorder.

Respondent contends that while Petitioner has a mental illness, he fails to show it has either prevented him from understanding the need to file a petition, or actually prevented him from filing a petition.

The Court finds Petitioner has failed to make a showing that his mental impairment was *so severe* it rendered him unable personally to prepare a habeas petition and effectuate its filing. *Bills*, 628 F.3d at 1100 (emphasis added). The heart of Petitioner's argument is that his mental impairment prevents him from understanding legal concepts, and conducting legal research effectively. The issue with Petitioner's position is that the law is complex, and it is not out of the ordinary for a lay person to have difficulties understanding the law or recognizing when they may have a viable claim for post-conviction relief.

The standard, however, requires Petitioner to demonstrate his mental impairment was so severe that it rendered him "unable to take steps to effectuate [the] filing"[3] of a petition. *Id.* at 1100 n. 2. Petitioner has not provided sufficient evidence for the Court to make such a finding.

---

[2] Mr. Lambert states: "(1) [Petitioner] is kind of quiet; (2) his smile is 'slightly' delayed from when the thing he smiles about is said, and also the speed of his smiling and demeanor is 'slightly' slower from when he starts to smile until his whole face lights up; and (3) he has slight flat affect." *Id.* ¶ 6.

[3] A petitioner can satisfy the first prong of the *Bills* inquiry by showing his mental impairment was so severe that he did not understand the need to timely file *or* that it made him unable to take steps to effectuate its filing. *Bills*, 629 F.3d at 1100 n.2. Petitioner's argument focuses on the latter.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^ 7**

In fact, the record contains evidence to the contrary. Petitioner was able to take steps to effectuate several post-conviction filings with the State. These filings happened several years before Petitioner submitted the instant federal habeas petition. Moreover, his PRPs to the Washington Court of Appeals attempted to invoke an exception to the one-year time bar for collateral review in Washington. Wash. Rev. Code § 10.73.090(1); ECF No. 10, Exs. 4, 9. This demonstrates Petitioner's mental impairment did not prevent him from seeking assistance to file, or understanding the need to timely file a petition for post-conviction relief. *See Bryan v. Glebe*, No. C14-5147 BHS-KLS, 2016 WL 7971770, at * 5 (W.D. Wash. Dec. 8, 2016)

The second prong of the *Bills* inquiry requires the Court to determine whether Petitioner's mental impairment was a but-for cause of any delay. *Bills*, 628 F.3d at 1100. "[A] petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure." *Id*. Thus, the petitioner "always remains accountable for diligence in pursuing his or her rights." *Id*.

Petitioner argues he satisfies the second prong of the *Bills* inquiry because he did not have access to a "legitimate"[4] jailhouse lawyer for assistance in filing

---

[4] Petitioner claims those jailhouse lawyers Petitioner initially spoke with were not "legitimate" because (1) it is self-evident that they didn't see a potential unlawful search and seizure issue; (2) its self-evident that they didn't see that the facts in Petitioner's plea statement and affidavit of probable cause did not constitute "premeditation: because "panick" is not premeditation; (3) a jailhouse lawyer would have known to check the plea statement as soon as they found out Petitioner has been in prison longer than one year and he didn't file a direct appeal, because the statutory deadline for state collateral attacks is one year unless the judgment and sentence is invalid on its face, and no other inmate (besides Joshua Lambert) asked Petitioner to see his plea statement; (4) a previous inmate wrote a PRP for Petitioner that was dismissed as frivolous; (5) the law library clerks are not given

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^ 8**

his petition. Respondent contends Petitioner has failed to show he acted with due diligence in filing a federal habeas petition before the limitations period expired in March 2013.

The Court finds Petitioner has failed to demonstrate that his mental impairment made it *impossible* to meet the filing deadline, under the totality of the circumstances. *Id.* at 1100. Petitioner is correct that the availability of jailhouse assistance is relevant in making this determination. *See id.* at 1101. The issue is that Petitioner attempts to show a lack of access to jailhouse assistance, by arguing that he did not have access to "legitimate" jailhouse lawyers. When analyzing the availability of jail house assistance, the Court in *Bills* does not address the perceived skill-level of such assistance:

> The availability of assistance is an important element to a court's diligence analysis. For example, if prison officials or even other prisoners were readily available to assist Bills in filing his habeas petition but Bills refused to accept their assistance, a court could conclude Bills may not have been diligent in pursuing his claims such that he is entitled to equitable tolling. That is not to say a prisoner fails the diligence requirement for refusing jailhouse assistance. It is only part of the overall assessment of the totality of circumstances that goes into the equitable determination. Thus, in many circumstances, the existence of such help would be highly relevant to the question of whether a petitioner's mental condition made it impossible to file a timely petition. But the availability of jailhouse assistance could also cut the other way. If legal help is available only because a prisoner has to resort to bribery or succumb to extortion, and a prisoner does not do so, a court would not find a lack of diligence.

*Id.* at 1101.

The facts in this case show Petitioner had access to individuals who were prepared to assist him in filing a petition for post-conviction relief. Whether those jailhouse lawyers were "legitimate" is not an issue this Court need address.

---

any special training in the law; and (6) Petitioner lives in the mental health unit and presumably has less access to inmates who study the legal system.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^** 9

Accordingly, Petitioner has not established his burden under *Bills* and the Court declines to toll the federal habeas limitations period on an equitable basis.

## CERTIFICATE OF APPEALABILTY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Boyer v. Chappell*, 793 F.3d 1092, 1106 (9th Cir. 2015) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted). The Court finds Petitioner has not made such a showing.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Amended Motion for Equitable Tolling for Federal Habeas 2254, ECF No. 6, is **DENIED**.

2. Petitioner's Amended Petition for Writ of Habeas Corpus, ECF No. 5, is **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 2244(d).

3. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, furnish copies to counsel and pro se Petitioner, and **close** this file.

**DATED** this 21st day of June 2018.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ^ 10**